UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: DONALD M. CAPUTO and TRACY L. CAPUTO

                        Debtors.
_____/

THOMAS J. BUDZYNSKI, P.C.,

                        Appellant,

v.

ESTATE OF DONALD M. and TRACY L. CAPUTO,

                        Appellees.
_____/

CIVIL CASE NO. 05-40212
BANK. CASE NO. 04-63197

HONORABLE PAUL V. GADOLA
U.S. DISTRICT JUDGE

## ORDER AFFIRMING BANKRUPTCY COURT

Before this Court is the *pro se* appeal of attorney Thomas Budzynski from the Bankruptcy Court's decision dated June 8, 2005 and from the order denying reconsideration issued by the Bankruptcy Court on July 1, 2005. Appellant seeks reversal of the Bankruptcy Court's fee reduction of $242.75. For the reasons stated below, this Court will affirm the actions of the Bankruptcy Court.

Bankruptcy Rule 8001(a) gives the district court authority to dismiss a claim if the appellant fails to timely file a required pleading. Likewise, Bankruptcy Rule 8009(a)(1) requires appellants to serve and file a brief within fifteen days after the entry of the appeal. Therefore, if the appellant does not file a brief within fifteen days the court has the authority to dismiss the claim. However, "a district court should not order dismissal unless the untimeliness is the result of negligence, indifference, or bad faith." *In re Harris,* 968 F.2d 1214 (6th Cir. 1992).

Appellant filed the notice of appeal on July 1, 2005, and a notice receipt was sent on July 7, 2005. Yet, Appellant did not file his brief until September 2, 2005. Here, Appellant timely filed his

appeal but missed the filing time requirement by over a month.  Appellant was afforded an opportunity to ask for a filing extension, but never attempted to do so.  Moreover, Appellant failed to follow Bankruptcy Rule 8010 which itemizes the form requirements of the brief.  In Appellant's improperly formatted brief, he places the Court on notice of his 25 to 30 years of experience in such matters and how he has gained certain efficiencies that allow him to charge his clients higher fees than other similarly situated counsel.  Appellant also suggests he is apprehensive of the efficiencies of the Clerk's office when filing documents.  In fact, Appellant asserts that to get things done right, often he must do them himself.  Presumably, with Appellant's 25- to 30-year experience he is intimately familiar with the Bankruptcy Rules, and this Court can only conclude that Appellant is, at a minimum, indifferent to them.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the June 8, 2005 decision and the July 1, 2005 order of the Bankruptcy Court are **AFFIRMED** and Appellant's appeal is **DISMISSED.**

**SO ORDERED.**

Dated:   March 24, 2006                              s/Paul V. Gadola
                                                     HONORABLE PAUL V. GADOLA
                                                     UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   March 27, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:            Thomas J. Budzynski                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:   Thomas D. DeCarlo; David J. Montera                     .

                                                     s/Ruth A. Brissaud
                                                     Ruth A. Brissaud, Case Manager
                                                     (810) 341-7845

2